UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 16 CR 463 |
| v. | ) |
| | ) Honorable Virginia M. Kendall |
| JUAN JIMENEZ, *et al.*, | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JIMENEZ'S MOTION *IN LIMINE*
REGARDING TESTIMONY OF ALEXANDER VARGAS**

Defendant Juan Jimenez has moved *in limine* to preclude government witness Alexander Vargas from testifying regarding his knowledge that Jimenez was the driver in a murder. Tellingly, defendant did not cite a single case in support of his motion. That is because, under the case law, there is no legal basis to exclude Vargas's testimony on this point. An identification must be excluded where it is "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 302 (1967). Defendant does not claim that there was any suggestive identification, much less one that was so unnecessarily suggestive that it would rise to the level of a due process violation. Rather, defendant challenges the basis of Vargas's belief and understanding about who was the driver. But he has an avenue to challenge what he believes are weaknesses in Vargas's belief: cross-examination Thus, defendant's motion *in limine* should be denied.

1

## ARGUMENT

Alexander Vargas was the leader of the Southeast Region of the Latin Kings between approximately 2002 and 2010. In January 2007, he learned that rival gang members supposedly were at a bar in Indiana. As the region's leader, in coordination with inferior officers of the Southeast Region, he ordered an attack on these supposed rivals. These inferior officers then coordinated an attack at the Portside Pub in Indiana that resulted in the murder of Isaias Cintron. This murder is charged in the second superseding indictment. Juan Jimenez was the driver of the car that carried the shooters who committed the murder. After the murder, one of the inferior officers reported to Vargas what had occurred, including that "Chinks" from the Dolton chapter of the Southeast Region was the driver. Cooperating witnesses, including Vargas, will testify that defendant was known as "Chinks" and was from the Dolton chapter. In a December 2017 sworn statement, Vargas identified a photo of defendant as the person he understood as the individual who was the driver. In the same statement, Vargas stated the nickname of the driver was "possibly Beast." Recently, the government met with Vargas again and Vargas informed the government that he mistakenly stated the driver's nickname was Beast. He meant to state it was "Chinks."

Defendant now seeks to preclude this testimony because he complains that the only basis for Vargas's understanding about the driver is information provided by the inferior officer who was reporting to him. This is not a valid basis to exclude Vargas's testimony. The identification was not suggestive; Vargas identified the driver on his

2

own accord. *See Stovall v. Denno*, 388 U.S. 293, 302 (1967) (requiring exclusion of identification "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law.").

What defendant really challenges is Vargas's basis for his understanding that the defendant was driver; he believes it is unreliable because it is based not on being an eyewitness but on a report he received from a co-conspirator. He will have an opportunity to challenge the reliability of Vargas's understanding through cross-examination. As the Supreme Court has explained, in the context of criminal trials, "reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, 61 (2004).

And, the pattern jury instructions inform jurors that they should give weight to a witness's testimony based in part on the witness's "ability and opportunity to see, hear, or know the things the witness testified about." Seventh Cir. Pattern Criminal Instr. 3.01. Defendant is free to cross-examine and challenge Vargas on each of these aspects; that is the purpose of trial. *See United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990) (noting where pretrial procedures were not unduly suggestive, "any question as to the reliability of the witness's identifications goes to the weight of the evidence, not its admissibility.").

3

Vargas's testimony is relevant and therefore is admissible.

                                  Respectfully submitted,

                                  JOHN R. LAUSCH, JR.
                                  United States Attorney

                  By:    */s/Vikas Didwania*
                                  DEREK OWENS
                                  VIKAS DIDWANIA
                                  JOHN COOKE
                                  BRIAN KERWIN
                                  Assistant United States Attorneys
                                  219 S. Dearborn Street, Suite 500
                                  Chicago, Illinois 60604
Dated: February 13, 2019          (312) 353-5300